CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 24 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARYL EDWARD FITZGERALD, | ) | Civil Action No. 7:09-cv-00052 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VIRGINIA DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Daryl Edward Fitzgerald, a Virginia prisoner proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Fitzgerald alleges that the Virginia Department of Corrections ("VDOC") held him in custody for longer than his sentence. Fitzgerald names the VDOC as the sole defendant. After reviewing Fitzgerald's submissions, the court dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Fitzgerald alleges in his complaint that he "was sentenced to [one] year with the Department of Corrections and pulled [a] 375 day[] sentence." Fitzgerald seeks compensation for lost wages, mental anguish, and pain and suffering. The court conditionally filed the complaint, advised Fitzgerald that he failed to state a claim upon which relief may be granted, and provided him twenty days to file an amendment. Fitzgerald responded, seeking to substitute Gene Johnson, Director of the VDOC, and James Sisk, community release manager, as the defendants. I grant his request to substitute Johnson and Sisk for the VDOC as the defendants, in accordance with Rules 15 and 20 of the Federal Rules of Civil Procedure.

Fitzgerald also mailed the court a letter in which he states that the Circuit Court of

Rockingham County sentenced him to two years incarceration with the VDOC. (Letter (docket #10) 1.) Fitzgerald believes that he only needs to serve 85% of his total sentence, and defendant Sisk is retaliating against him for filing this civil action.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the

2

role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Due Process Clause of the Fourteenth Amendment provides: "[Nor] shall any State deprive any person of life, liberty, or property, without due process of law." However, "[t]he protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials." Davidson v. Cannon, 474 U.S. 344, 348 (1986). See Daniels v. Williams, 474 U.S. 327 (1986). A constitutional claim may not be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds by Daniels, 474 U.S. at 328.

Fitzgerald fails to link the defendants to any alleged unlawful custody and, thus, fails to state any claim of intentional misconduct. Fitzgerald's bare complaint also does not provide enough facts to set out a negligence claim against the defendants. Even if he had, however, Virginia law provides adequate state remedies via a writ of habeas corpus or the Virginia Tort Claims Act. See Va. Code §§ 8.01-654 – 668; 8.01-195.1 –195.9. See also Wadhams v. Procunier, 772 F.2d 75 (4th Cir. 1985) (holding that the Virginia Tort Claims Act and Virginia's tort laws provide an adequate remedy).

Fitzgerald's mere accusation of retaliation is insufficient to state a claim against Sisk.

3

Claims of retaliation by inmates are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)). To succeed on a retaliation claim under § 1983, an inmate must allege facts sufficient to demonstrate that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams, 40 F.3d at 75. Thereafter, a plaintiff must demonstrate that he suffered some adverse impact or actual injury. ACLU of Md., Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993). A plaintiff must also come forward with specific evidence "establish[ing] that but for the retaliatory motive, the complained of incident . . . would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Therefore, Fitzgerald must present more than conclusory allegations of retaliation as his mere suspicion of retaliation is clearly an insufficient basis for relief. Furthermore, Fitzgerald failed to establish how any defendant committed a constitutional deprivation, and he has adequate state law remedies available to him.

To the extent Fitzgerald requests speedier release from custody, Fitgerald's sole remedy in federal court is a properly filed habeas petition. See Edwards v. Balisok, 520 U.S. 641, 645-47 (1997) (stating that § 1983 damages claim arguing that due process rights violations resulted in loss of good-time credits should be brought as habeas corpus petition); Heck v. Humphrey, 512 U.S. 477, 486-88 (1994) (stating that a § 1983 claim that would necessarily demonstrate the invalidity of confinement or its duration should be brought as a habeas claim); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). Therefore, Fitzgerald may not seek an order from a

§ 1983 action to allow him to serve only 85% of his sentence. Accordingly, Fitzgerald fails to state a claim upon which relief may be granted, and the court dismisses the complaint.

III.

For the foregoing reasons, the court grants Fitzgerald's motion to amend and dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The court declines to exercise supplemental jurisdiction over any possible state law claim, pursuant to 28 U.S.C. § 1367(c), because the court dismisses all of the federal claims.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 24th day of July, 2009.

/s/ James C. Turk
Senior United States District Judge